AIWEN CHEN, Petitioner,

v.

Mark FILIP, Acting Attorney General,* Respondent.

No. 07–5428–ag.

United States Court of Appeals, Second Circuit.

Jan. 23, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Mark Filip is substituted for

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Stephen M. Elliott, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Michael B. Mukasey as Respondent

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Aiwen Chen, a native and citizen of the People's Republic of China, seeks review of the November 8, 2007 order of the BIA reversing the November 23, 2004 decision of Immigration Judge ("IJ") Sarah M. Burr granting her application for asylum and withholding of removal. *In re Aiwen Chen,* No. A98 228 922 (B.I.A. Dec. 28, 2007), *rev'g* No. A98 228 922 (Immig. Ct. N.Y. City Nov. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.[1]

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Moreover, while we treat each petition for review as challenging only the BIA decision from which it was timely filed, *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), the BIA's "varying techniques" in affirming prior agency decisions "affect the scope of our review." *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). In Chen's case, the language of the BIA's November 2007 decision suggests that it intended to incorporate its June 2006 decision. Therefore, we review both of the decisions together. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007).

We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao,* 482 F.3d at 126.

As a preliminary matter, under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." *See also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). The IJ declined to adjudicate Chen's claim for relief under the Convention Against Torture ("CAT"), and Chen failed to pursue that claim before the BIA. Accordingly, as a statutory matter, we are without jurisdiction to consider any argument regarding her CAT claim, and we dismiss her petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1).

Regarding Chen's asylum and withholding of removal claims, we see no error in the BIA's conclusion that she failed to carry her burden of proof. Contrary to Chen's arguments, there is no indication that the BIA failed to sufficiently consider the documents she submitted in support of her application. Chen cites the BIA's "fail[ure] to make any mention of [her] sisters' forced sterilizations"; but Chen did not testify that her sisters were forcibly sterilized, nor is there any such allegation in her own affidavit or in a letter from her elder sister. Moreover, as the government notes, the BIA considered Chen's *actual* allegations as presented in her testimony and affidavit before concluding that they did not support a well-founded fear of persecution. The record does not "compellingly suggest[ ]" that the BIA failed to consider any of the allegations she made in support of her asylum claim. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

---

1. Chen's case has been ordered to be heard in tandem with that of her husband, Xu Zheng Shi. *See Xu Zheng Shi v. BIA,* No. 05–2443–ag.

We also see no error in the BIA's conclusion that the affidavit and Congressional testimony of Dr. John S. Aird were insufficient to support Chen's allegations that she is at risk of persecution because she has two U.S. citizen children. The BIA consulted State Department reports indicating that though family planning policy violators are fined, there is no evidence of a national policy of forced sterilization, and the BIA found those reports more persuasive than Aird's affidavit or testimony. The BIA may properly balance evidence contained in State Department reports against contrary evidence contained in documents such as the Aird affidavit. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275–76 (2d Cir.2006). Ultimately, given that the BIA explicitly considered almost all of the evidence Chen offered in support of her application and gave specific, cogent reasons in support of its findings that the evidence did not establish her eligibility for relief, the BIA's denial of Chen's asylum claim was not improper.[2]

As Chen was unable to show the objective likelihood of persecution needed to merit asylum, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

---

**2.** Chen argues that the BIA placed undue emphasis on its decision in *Matter of S–Y–G–,* 24 I. & N. Dec. 247 (BIA 2007). However, the BIA observed that, *S–Y–G–* notwithstanding, it "remain[ed] persuaded" that Chen had not carried her burden of proof for the reasons articulated in its June 2006 decision.

for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).